UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK A. RUST,<br><br>    Plaintiff,<br><br>    v.<br><br>CHINO PRISON HEALTHCARE PROVIDERS, et al.,<br><br>    Defendants. | Case No. 5:17-cv-00556-JAK-KES<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR REMAND (DKT. 95) |

**I.**

**INTRODUCTION**

Frank Rust ("Plaintiff"), a prisoner in state custody, filed this civil rights action challenging medical care he received in prison. He filed the action in state court, and Defendants removed it to this Court. The Court granted summary judgment for Defendants, finding some of Plaintiff's claims unexhausted and finding that, as to the exhausted claims, Plaintiff failed to demonstrate that his constitutional rights were violated.

Plaintiff appealed to the Ninth Circuit and, while that appeal was pending, he

filed a motion asking this Court to remand "the state law issues/action" to the state court. (Dkt. 95 ["Motion for Remand"].) The Ninth Circuit stayed the appeal "pending the district court's consideration of whether" Plaintiff's Motion for Remand "constitutes one of the motions listed in Federal Rule of Appellate Procedure 4(a)(4) and, if so, whether the motion should be granted or denied." (Dkt. 96.)

For the reasons explained below, the Court construes Plaintiff's Motion for Remand as a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59 and/or 60, which is a motion listed in Federal Rule of Appellate Procedure (4)(a)(4). Furthermore, Plaintiff is not entitled to relief on the Motion for Remand.

## II.
## PROCEDURAL HISTORY

### A. Removal and Initial Complaint

Defendants removed this action to this Court on the basis of federal question jurisdiction under 28 U.S.C. § 1441(a). (Dkt. 2 [notice of removal]; Dkt. 2-1 [Complaint].) Plaintiff moved to remand the action to state court, arguing (among other things) that his Complaint did not raise any federal questions and, even if it did, then the state law claims "predominated" over the federal questions. (Dkt. 8 at 3.) The Court discussed the "predominance" issue as follows:

> Plaintiff's legal theories are neither clearly labeled nor listed. His state court civil case cover sheet says that his Complaint contains six causes of action. (Dkt. 2-1 at 33.) The Complaint's caption, however, lists five causes of action: (1) slander, (2) elder abuse, (3) violations of the Americans with Disability Act ("ADA"), see 42 U.S.C. § 12101 et seq., (4) violations of the Rehabilitation Act ("RA"), see 29 U.S.C. § 701 et seq., and (5) violations of the Bane Act. (Id. at 34, 47.)

Claims under the ADA and RA are causes of action created by federal law and, if they were actually alleged in Plaintiff's Complaint, they would be sufficient to establish federal question jurisdiction. The body of the Complaint, however, contains no allegations that can be liberally construed as ADA or RA claims. ...

... The gist of Plaintiff's allegations is that after a verbal altercation with Defendant [Licensed Vocational Nurse or "LVN"] Warfield (which Plaintiff alleges made him look vulnerable to the other inmates, prompting them to harass him), the other Defendants failed to protect him and retaliated against him by denying him medical care and equipment. ...

While Plaintiff never expressly pleads claims under 42 U.S.C. § 1983, he alleges that his lawsuit "evolves from the failure of defendants to follow … federal and state law" and the "U.S. Constitution," and he "seeks to redress the deprivation, under the color of state law, of rights secured by acts of Congress …." (Id. at 34, 36.) He repeatedly references the First and Eighth Amendments of the federal Constitution and prays for a declaration that Defendants violated his federal constitutional rights. (Id. at 42, 51.) Plaintiff divided his "Factual Statement" into parts A and B (both labeled "Failure to Protect … Deliberate Indifference") and alleged in both violations of his First and Eighth Amendment rights by different Defendants. (Id. at 42-43.) Under the heading "Claims for Relief," Plaintiff incorporates his earlier allegations and discusses the [California] Bane Act[1] along with alleged supervisory liability based

---

[1] California's Bane Act provides "a cause of action for violations of constitutional and statutory rights." Rivera v. Cty. of Los Angeles, 745 F.3d 384,

3

on "official customs and policies." (Id. at 46-50.)

> One possible interpretation of the Complaint is that all the references to Defendants' violating federal statutes and constitutional amendments are only alleged as elements of Plaintiff's Bane Act claim, such that none of Plaintiff's causes of action are created by federal law. Even if the Court were to adopt this dubious interpretation, however, federal question jurisdiction would still exist if Plaintiff's Bane Act claim "arises under" federal law, because his right to relief necessarily depends on the adjudication of federal questions.
>
> ... Plaintiff has not alleged any alternative, state-law basis for the alleged civil rights violations underlying his Bane Act claim. He alleges Defendants violated his rights under the First and Eighth Amendments of the United States Constitution, and he does not cite any similar provisions in the California Constitution or elsewhere in California law. ... [A]djudicating Plaintiff's Bane Act claim will necessarily depend on determining the federal questions of whether Defendants violated Plaintiff's rights under the First or Eighth Amendments. These are the pivotal issues in the case. The Court therefore finds that at the time of removal, the Complaint's allegations created federal question jurisdiction.

(Dkt. 20 at 11-13 [Report and Recommendation or "R&R"].) On July 7, 2017, the Court denied Plaintiff's motion to remand. (Dkt. 22 [order accepting R&R].)

The Court also screened the initial Complaint under the Prison Litigation Reform Act ("PLRA") and dismissed it with leave to amend. (Dkt. 14.) Regarding the claims sounding in state law, the Court found that: (a) the Complaint failed to

---

393 (9th Cir. 2014).

4

state a claim under the California Bane Act, because the allegations that LVN Warfield refused him his medication and yelled at him failed to demonstrate deliberate indifference to a serious medical need under the Eighth Amendment (<u>id.</u> at 13); and (b) the criminal statutes and civil regulations cited in the Complaint (California Penal Code sections 147, 667.9, and 673 and California Code of Regulations Title 15, Article 2, section 3391) did not give rise to a private right of action (<u>id.</u> at 13-15).

### B. First Amended Complaint

Plaintiff then filed the operative First Amended Complaint ("FAC" at Dkt. 26), voluntarily dismissing all Defendants except Drs. Farooq and Dr. Vu. The FAC stated that the action was "brought pursuant to 42 U.S.C. § 1983 per the District Court's order of July 07, 2017, by the reasons so explained by Judge Kronstadt." (<u>Id.</u> at 2 ¶ 2.) The FAC brought claims for: (1) deliberate indifference in medical care in violation of the Eighth Amendment (<u>id.</u> at 12); and (2) retaliation under the First Amendment (<u>id.</u> at 17). Thus, the FAC did not plead any claims under state law. The FAC "continue[d] to allege that removal from state court violated" 28 U.S.C. § 1446(b), Federal Rule of Civil Procedure 4, and 28 U.S.C. § 1915(d). (<u>Id.</u> at 2 ¶ 3.)

In a subsequent order directing Defendants to respond to the FAC, the Court noted that, because the FAC named only Drs. Farooq and Vu, Plaintiff had "voluntarily dismissed his claims against the other Defendants." (Dkt. 31.)

### C. Discussion of State Law Claims During Summary Judgment Briefing

Defendants moved for summary judgment, arguing that Plaintiff had failed to exhaust his administrative remedies as required by the PLRA. (Dkt. 39.) During briefing on that summary judgment motion, Plaintiff filed a "motion for clarification," arguing that his "'verbal assault/slander' claim against LVN Warfield remained pending in state court because the attorney representing Drs. Farooq and Vu "never had the authority to remove" that claim from state court.

(Dkt. 44 at 31-34.) On April 3, 2018, the Court denied the motion, explaining:

> The fact that the attorney representing Dr. Farooq and Dr. Vu did not represent LVN Warfield at the time of the removal does not render the removal defective. LVN Warfield had not been served with process, meaning he did not need to join in the removal. The removal nevertheless had the effect of removing the *entire* action to this Court, including all claims against LVN Warfield. (Dkt. 20 at 7-8 [R&R finding Plaintiff had not properly served Warfield]); Destfino v. Reiswig, 630 F.3d 952, 957 (9th Cir. 2011) ("Because none of the nonjoining defendants was properly served, their absence from the removal notice did not render the removal defective."). After that removal, the Court dismissed without prejudice *all* claims against LVN Warfield for failure to state a claim, including the claims that were based on state law. (See Dkt. 14 at 13-15 [finding Plaintiff failed to state a claim under the California Bane Act, the California Penal Code, or the California Code of Regulations].) Plaintiff voluntarily dismissed these claims by not including them in the operative FAC, which raises only federal claims. ...
>
> Plaintiff's motion asks this Court to "decline the exercise of jurisdiction concerning that state claim on LVN M. Warfield" and/or "bifurcate" that claim. (Dkt. 44 at 34.) He also indicates that he wants to bring a state law negligence claim against Dr. Farooq in state court. (See id. ["[M]y claims against Dr. M. Farooq does not stop the suit seeking damages for his negligent supervision, respondeat superior actions. A federal law claim only against the medical officer for violations of federal rights can continue in this court."].) There are no claims pending in this action against LVN Warfield and no state law claims pending against Dr. Farooq. There are also no claims

6

pending in San Bernardino Superior Court case no. CIVDS1618405, the case that was removed to this Court. If Plaintiff wants to file a *new* state court action against LVN Warfield and Dr. Farooq based on state law, it will be up to the state court to determine whether he can bring such an action. No relief is warranted at this time.

(Dkt. 55 at 2-3.) On July 5, 2018, the Court granted partial summary judgment for Defendants on some of Plaintiff's claims, finding they were unexhausted. (Dkt. 57 [R&R], Dkt. 62 [order accepting R&R].)

On May 29, 2019, after a second summary judgment motion and round of briefing, the Court granted summary judgment for Drs. Farooq and Vu on the grounds that Plaintiff had failed to show that they had violated his First or Eighth Amendment rights. (Dkt. 66 [motion]; Dkt. 83 [R&R], Dkt. 88 [order accepting R&R].) The Court noted in relevant part:

> Plaintiff's opposition mentions possible claims under state law for negligence, medical malpractice, and/or elder abuse. ... To the extent that the FAC could be construed as raising these claims, the Court should decline to exercise supplemental jurisdiction over them, given that Defendants are entitled to summary judgment on all of the federal claims at issue. See 28 U.S.C. §1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim … if … the district court has dismissed all claims over which it has original jurisdiction…."); Acri v. Varian Assocs., Inc., 114 F.3d 999, 1001 (9th Cir.) ("The Supreme Court has stated, and we have often repeated, that 'in the usual case in which all federal-law claims are eliminated before trial, the balance of factors ... will point toward declining to exercise jurisdiction over the remaining state-law claims.'") (citation omitted), supplemented, 121 F.3d 714 (9th Cir. 1997), as amended (Oct. 1, 1997); see, e.g., Miller v. Butte Cty.

Sheriff's Dep't, 453 F. App'x 698, 699 (9th Cir. 2011) ("The district court did not abuse its discretion in declining to exercise supplemental jurisdiction over Miller's state law malpractice claims … after dismissing all of the federal claims.").

(Dkt. 83 at 26 [R&R].) The Court then entered judgment "dismissing claims sounding in state law (if any) without prejudice to Plaintiff pursuing those claims in state court." (Dkt. 88 at 2 [order adopting R&R].)

Plaintiff appealed that judgment, and that appeal remains pending in the Ninth Circuit. (Dkt. 90, 93, 94.)

## D. Entry of Judgment, Notice of Appeal, and Present Motion for Remand

The Court entered final judgment for Defendants on May 29, 2019. (Dkt. 89.) On June 14, 2019, the Court received the notice of appeal, which was signed by Plaintiff on June 11, 2019. (Dkt. 90.)

While the appeal remained pending, Plaintiff filed the present Motion for Remand, which is entitled "Motion for Remand After Denial of Supplemental Jurisdiction ... Over State Law Claims." (Dkt. 95.) The motion was signed by Plaintiff on June 17, 2019 (id. at 1) and received by the Court on June 21, 2019. Plaintiff argues, "After numerous attempts by Plaintiff to have the state law issues/action remanded back to the state court, the District Court denied each attempt." (Id. at 1-2.) He argues, "Given the facts of this particular case and it being years into the [o]riginal filing, such a lapse of time is more than relevant here in regards to the jurisdictional issue.... Plaintiff made all the necessary requirements under 28 U.S.C. § 1446(a), form the very First Notice of Removal. ... Thus, the District [C]ourt must issue those orders contained herein." (Id. at 2.)

On August 22, 2019, the Ninth Circuit stayed the appeal "pending the district court's consideration of whether [Plaintiff's] June 21, 2019 filing constitutes one of the motions listed in Federal Rule of Appellate Procedure 4(a)(4) and, if so, whether the motion should be granted or denied." (Dkt. 96.)

# III.

# DISCUSSION

## A. The Motion for Remand is Liberally Construed as a Motion to Alter or Amend the Judgment.

### 1. Legal Standard

Generally, "[o]nce a notice of appeal is filed, the district court is divested of jurisdiction over the matters being appealed." Nat. Res. Def. Council, Inc. v. Sw. Marine Inc., 242 F.3d 1163, 1166 (9th Cir. 2001). However, "[i]f a party files a notice of appeal after the court announces or enters a judgment—but before it disposes of any motion listed in [Appellate] Rule 4(a)(4)(A)—the notice becomes effective to appeal a judgment or order, in whole or in part, when the order disposing of the last such remaining motion is entered." Fed. R. App. P. 4(a)(4)(B)(i).

The rule "does not specify whether it operates when" one of these motions "is filed *after* a notice of appeal is filed, but yet is timely relative to entry of judgment." Hill v. Katavich, No. 15-cv-00631, 2015 U.S. Dist. LEXIS 156787 at *3, 2015 WL 7282873 at *1 (E.D. Cal. Nov. 18, 2015) (emphasis added). Case law indicates that, in such circumstances, the notice of appeal should be treated as "suspended until the motion is disposed of...." Id. (quoting the Transmittal Note to the 1993 Amendment to the rule); see also PJY Enterprises, LLC v. Kaneshiro, No. 12-00577, 2015 U.S. Dist. LEXIS 85091 at *5-6, 2015 WL 4041524 at *2 (D. Haw. June 30, 2015) ("Rule 4(a)(4)(A) also applies to allow the district court to consider a motion for reconsideration filed concurrently with a notice of appeal, which is 'in effect, suspended.'") (citation omitted).

Appellate Rule 4(a)(4)(A) lists the following motions, the filing of which trigger the suspension of a previously filed notice of appeal:

(i) for judgment under Rule 50(b);

(ii) to amend or make additional factual findings under Rule 52(b),

|   | whether or not granting the motion would alter the judgment; |
|---|---|
|   | (iii) for attorney's fees under Rule 54 if the district court extends the time to appeal under Rule 58; |
|   | (iv) to alter or amend the judgment under Rule 59; |
|   | (v) for a new trial under Rule 59; or |
|   | (vi) for relief under Rule 60 if the motion is filed no later than 28 days after the judgment is entered. |

Fed. R. App. P. 4(a)(4)(A). Such a motion must be timely filed in order to affect the time to appeal or operation of the existing notice of appeal. Fed. R. App. P. 4(a)(4)(A) (providing that such a motion extends the time to file an appeal if it was filed "within the time allowed by" the Federal Rules of Civil Procedure).

### 2. Analysis

The Ninth Circuit asked this Court to determine whether Plaintiff's Motion for Remand should be construed as one of the motions listed in Appellate Rule 4(a)(4)(A). The Motion for Remand is not: (i) a motion for judgment under Rule 50(b), since judgment had already been entered; (iii) a motion for attorney's fees, since it does not request such relief; or (v) a motion for new trial under Rule 59, since there was no trial in this case, see Berndt v. City of Los Angeles, No. 11-08579-GAF-AJWx, 2013 U.S. Dist. LEXIS 192410 at *8, 2013 WL 12075979 at *3 (C.D. Cal. June 6, 2013) ("It is ... nonsensical to move for a new trial where a case has been decided at the summary judgment stage. Instead, where summary judgment has been granted, a party is relegated to an appeal or a motion for reconsideration.").

The motion also does not appear to fall under Rule 60, which allows a party to seek relief from judgment on the grounds of a clerical error, mistake, inadvertence, surprise, excusable neglect, newly discovered evidence, misconduct by an opposing party, voidness, satisfaction, or "any other reason that justifies relief." Fed. R. Civ. P. 60(a)-(b). Plaintiff's motion does not allege anything like

this.

If read literally, the Motion for Remand could be construed as an untimely motion to remand the action to state court. See 28 U.S.C. § 1447(c) ("A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal...."). However, the gist of the Motion for Remand appears to be that this Court committed legal error when it included language in the judgment stating that any state law claims alleged in the operative FAC should be dismissed without prejudice. (Dkt. 89 at 2.) Plaintiff contends that such claims should, instead, be remanded to the state court. Liberally construing the motion, as this Court is obligated to do for pro se filings, the Motion for Remand therefore may be construed a motion to amend the Court's findings and/or judgment under Rule 52(b) and/or 59(e). So construed, the Motion for Remand is timely because it was filed within 28 days after entry of judgment. See Fed. R. Civ. P. 52(b), 59(e). Thus, it properly suspended operation of the notice of appeal.

**B.      The Motion for Remand is Denied.**

       **1.      Legal Standard**

"[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). The district court "may decline to exercise supplemental jurisdiction over a claim under subsection (a) if," among other things, "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c).

When declining to exercise supplemental jurisdiction in a removed case, the district court has discretion to either dismiss the claims or remand them to state court, considering which will "promote the values of economy, convenience,

fairness, and comity." Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 351-53 (1988); see also Acri v. Varian Assocs., Inc., 114 F.3d 999, 1001 (9th Cir.) ("While discretion to decline to exercise supplemental jurisdiction over state law claims is triggered by the presence of one of the conditions in § 1367(c), it is informed by the ... values 'of economy, convenience, fairness, and comity.'"), supplemented, 121 F.3d 714 (9th Cir. 1997).

### 2. Analysis

The R&R, which the Court adopted, expressed doubt that the operative FAC pled any claims under state law, but it mentioned the possibility due to Plaintiff's discussion of such claims in the various opposition papers he filed to Defendants' summary judgment motion. (Dkt. 83 at 26.) In those papers, Plaintiff stated as follows:

- that he had "clearly shown [that] he has been denied the necessary care to allege the requisite facts constituting recklessness under Elder Abuse Act (Cal. Welf. & Inst. Code § 15610.53.)" (Dkt. 73 at 4);
- that Dr. Vu was attempting to "cover up his act or omission to act by a health care provider in rendering of professional services (§ 340.5) [and that] such services are within the scope of services for which the provider (Dr. Vu) is licensed" (Dkt. 73 at 12);
- Plaintiff could "bring medical malpractice, and negligence claims against medical professionals and related support staff for the failure to protect issue" and could "bring the negligence claim for the medical decision to retaliate against [him] for his First Amendment right to file an administrative (602) appeal" (Dkt. 73 at 31);
- that "California Penal Code Sections 147.669.9 and 673 impose[] a mandatory duty upon Defendants ... to treat [Plaintiff] fairly and humanely and to protect [Plaintiff's] physical and mental well-being" (Dkt. 73 at 31); and

- that this Court had "supplemental jurisdiction over Plaintiff's State Tort Claims under 28 U.S.C. § 1337 in violation of his protected rights" (Dkt. 81 at 3).

The R&R recommended that the Court decline to exercise supplemental jurisdiction over any such claims, to the extent they were pled in the FAC, because it was recommending dismissal of all federal question claims. (Dkt. 83 at 26.)

Considerations of "economy" and "convenience" do not weigh in favor of a remand, rather than a dismissal, of any state law claims. Acri, 114 F.3d at 1001 (directing courts to consider these factors in deciding whether to dismiss or remand state-law claims over which it is declining to exercise supplemental jurisdiction). As discussed above in the Procedural History section, Plaintiff appeared to raise some (but not all) of these claims in his initial Complaint. (See Dkt. 20 at 11-13 [R&R discussing Plaintiff's initial motion to remand, noting that the caption of the initial Complaint cited "elder abuse"]; Dkt. 14 at 13-14 [order dismissing initial Complaint, finding it failed to state a cause of action under the California Penal Code sections cited, because they did not create a private right of action].) Plaintiff then voluntarily dismissed any state-law claims by failing to re-plead them in the FAC, explaining that he had decided to proceed with federal claims only under 42 U.S.C. § 1983. However, Plaintiff's FAC was not a model of clarity, and Plaintiff continued to discuss possible state law causes of action in subsequent motions and briefing. Plaintiff's present Motion for Remand does not explain what state law claims are allegedly at issue. Thus, an order of remand would be impractical because the nature of Plaintiff's state law claims remains unclear.

Additionally, the decision to dismiss rather than remand is not unfair to Plaintiff. See Acri, 114 F.3d at 1001 (directing courts to consider "fairness" in deciding whether to remand). The Court is mindful that a "remand generally will be preferable to a dismissal when the statute of limitations on the plaintiff's state-law claims has expired before the federal court has determined that it should

relinquish jurisdiction over the case." Carnegie-Mellon Univ., 484 U.S. at 351-52. Given the age of this case, Plaintiff may encounter difficulties with California's statute of limitations. Yet the Court attempted to explain to Plaintiff, more than a year ago, that his voluntary dismissal of his state law claims meant that he could file a new action in the state court, provided the state court found that appropriate as a matter of state law. (Dkt. 55 at 2-3 [April 2018 order].) See generally Fed. R. Civ. P. 41(a)(1) (providing that the plaintiff may dismiss an action without a court order before the opposing party serves either an answer or a motion for summary judgment, and that such a dismissal is without prejudice); Allstate Ins. Co. v. Superior Court, 132 Cal. App. 3d 670, 675-76 (1982) ("It is undisputed that there was no *remand* by the federal court in the present case, and that the action was *dismissed* by that court on plaintiff's motion. ... The fact that the dismissal was 'without prejudice' permitted plaintiff to pursue his claims in another action...."). Cf. Am. Nat. Bank & Tr. Co. of Sapulpa v. Bic Corp., 931 F.2d 1411, 1412 (10th Cir. 1991) ("The possibility that plaintiffs may gain a tactical advantage by refiling in state court is insufficient to deny a voluntary motion to dismiss without prejudice, especially when state law is involved."). The Court notes that the public records of the San Bernardino Superior Court[2] show that, in October 2018, Plaintiff filed two new civil complaints in that court against different defendants: (1) Rust v. Borders, No. CIVDS1826675 (Sup. Ct.), which the defendants removed to federal court in Rust v. Borders, No. 5:19-cv-00050-PA-E (C.D. Cal.); and (2) Rust v. Borders, No. CIVDS1827701 (Sup. Ct.), which was dismissed for lack of prosecution.

In this context, the Court finds no error in its cautionary assertion that, to the extent Plaintiff's FAC can be interpreted as raising state law claims, it is declining to exercise supplemental jurisdiction over them and dismissing them without

---

[2] Available at http://openaccess.sb-court.org/OpenAccess/default.asp.

prejudice.

IV.

**CONCLUSION**

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's Motion for Remand (Dkt. 95) is a motion listed under Federal Rule of Appellate Procedure 4(a)(4)(A) and is denied.

DATED: September 10, 2019

_____
JOHN A. KRONSTADT
UNITED STATES DISTRICT JUDGE

Presented by:

_____
KAREN E. SCOTT
United States Magistrate Judge

cc: Ninth Circuit Court of Appeals, Case No. 19-55700